Per Curiam.

The question presented in this appeal is a factual one as to whether the electrical transmission lines and equipment incidental thereto employed by appellant to transport electric power to appellant’s mining equipment, up to but not including the last transformers, and the car retarding equipment were used directly in mining coal, and, thus, the purchases of such items were excepted from the sales and use taxes by Sections 5739.01 and 5741.01, Revised Code.
Section 5739.01, Revised Code, provides in part:
“ ‘Retail sale’ and ‘sales at retail’ include all sales except those in which the purpose of the consumer is * # * to use or consume the thing transferred directly in the production of tangible personal property for sale by * * # mining.”
Section 5741.01, Revised Code, has basically the same definitive provisions as to the word, “use,” and basically the same exceptions for use-tax purposes.
The electric power is received at the entrance to appellant’s mining property at a voltage that is not usable for the mining machinery until it passes through the transformer immediately ahead of the mining equipment to be served.
The conveyance of electric power by means of these electric transmission lines for use in mining is a “transportation” of electric power. Thus, the transmission lines and equipment incidental thereto are not used “directly in the production of tangible personal property for sale by * * * mining,” and the purchases of such property are not excepted from the sales and use taxes.
Paragraphs one and two of the syllabus in the case of General Motors Corp. v. Bowers, Tax Commr., 164 Ohio St., 574, read as follows:
“1. The conveyance of electrical energy by means of wires and mechanical devices incidental thereto from one place to another for use in manufacturing constitutes a transportation of such energy.
“2. Where the principal use of property claimed to be used ‘directly in’ a particular activity is in transportation to or from that activity, as distinguished from transportation which is a part of that activity or between essential steps of that activity, such use is not ‘directly in’ such activity within the *231 meaning of Section 5739.01, Revised Code. (Paragraph, one of the syllabus of Powhatan Mining Co. v. Peck, Tax Commr., 160 Ohio St., 389, approved and followed.)”
The car retarders used by appellant are not used directly in any mining or processing operation, but are used as transportation devices to assist in loading coal after it is completely mined and processed. The only function of a car retarder is to hold a railroad car in place while it is being loaded. This is neither mining nor processing.
The purchases of such car retarders and parts are not excepted from the sales and use taxes.
The decision of the Board of Tax Appeals is neither unreasonable nor unlawful and is, therefore, affirmed.

Decision affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.